**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JULIE A. CONNOR,**
    **Plaintiff,**

**-vs-**                **Case No. 6:08-cv-658-Orl-28KRS**

**ALLIANCE TITLE OF BREVARD, LLC,**
**LIZABETH A. CASSELLA,**
**MICHAEL W. SPRAGINS,**
**STEPHEN H. SPRAGINS,**
    **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion:

> **MOTION:**  **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 20)**
>
> **FILED:**  **September 5, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

  On April 24, 2008, Plaintiff Julie A. Connor filed a complaint against Defendants Alliance Title of Brevard, LLC, Lizabeth A. Cassella, Michael W. Spragins, Stephen H. Spragins, and Patricia Matarazzo[1] for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Doc. No. 1.

---

[1] Plaintiff subsequently voluntarily dismissed its claims against Matarazzo. Doc. Nos. 16, 18.

At the Court-ordered mediation, the parties reached a settlement for which they now seek court approval. Doc. No. 20. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

In response to the Court's Interrogatories, Connor averred that she was owed wages of $1,220.00 for 130 hours of unpaid overtime if computed based upon her salary or, alternatively, $3,816.55 for 130 hours in unpaid overtime if computed based upon an hourly rate, plus liquidated damages in the same amounts. Doc. No. 20-3  Under the settlement, the parties agreed Connor worked an "estimated total of 130 hours of overtime" and her hourly rate of pay was "based on her former salary of $750.00 per week." Doc. No. 20-2 at 3. Defendants "agreed to pay Ms. Connor $1,220.00, less legal withholdings, for her alleged unpaid overtime wages" and "to pay Ms. Connor an additional amount of $1,220.00 as liquidated damages." *Id.*  Defendants will pay $4,060.00 to Connor's attorneys for costs and attorneys' fees. *Id.*

In the settlement negotiations, all parties were represented by experienced counsel. Because Connor will receive all overtime compensation to which she argued she was entitled, the amount she will receive is necessarily a fair and reasonable resolution of a bona fide dispute over the FLSA. *See MacKenzie v. Kindred Hosps. East, LLC*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)("*Lynn's Food Stores* addresses judicial oversight of 'compromises of FLSA claims . . . . Since the plaintiff has been offered full compensation on his claim, this case does not involve a compromise . . [and] there is no need for judicial scrutiny.").

Accordingly, I respectfully recommend as follows:

1. The Court **GRANT** the Joint Motion for Approval of Settlement Agreement, Doc. No. 20;

2. The Court **DISMISS** the case with prejudice; and,

3. The Court **DIRECT** the Clerk to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 10, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE